IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1)   NATHANIEL F. ROGERS, | ) | |
| Plaintiff, | ) ) ) | |
| -v- | ) ) | Case No. _____ |
| (1)   FANFARE MEDIA WORKS, and (2)   BLACKSTREET CAPITAL         MANAGEMENT D/B/A FMW OC, INC., | ) ) ) ) | |
| Defendants. | ) ) | |

**COMPLAINT**

COMES NOW Plaintiff NATHANIEL F. ROGERS, and for his cause of action against Defendants FANFARE MEDIA WORKS and BLACKSTREET CAPITAL MANAGEMENT D/B/A FMW OC, INC. a/k/a FMW, INC. ("Defendants"), states as follows:

**I -- PARTIES**

1. NATHANIEL F. ROGERS is an individual citizen of the State of Oklahoma and the United States of America and resides within Oklahoma County, Oklahoma.

2. Defendant FANFARE MEDIA WORKS is a California corporation which conducts business in the State of Oklahoma, and particularly within the Western District of Oklahoma. Defendant is engaged in the business of advertising.

3. Defendant BLACKSTREET CAPITAL MANAGEMENT D/B/A FMW OC, INC. a/k/a FMW, INC., is a Delaware corporation, and is the successor in interest to FANFARE MEDIA WORKS. Defendant BLACKSTREET CAPITAL

1

MANAGEMENT D/B/A FMW OC, INC. a/k/a FMW, INC. conducts business in the State of Oklahoma, and particularly within the Western District of Oklahoma.

## II – JURISDICTION AND VENUE

4. This is a cause of action for violation of the rights of NATHANIEL F. ROGERS that are guaranteed by the Uniformed Services Employment and Re-employment Rights Act ("USERRA"), Title 38 U.S.C. §4301, *et seq.* and jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §1331.

5. Venue is proper in this Court pursuant to Title 28 U.S.C. §1391 in that Defendants conducted business in this District during the timeframe relevant hereto and the activities and events giving rise to Plaintiff's claim substantially took place in this District.

## III – STATEMENT OF FACTS

6. Plaintiff was an employee of Defendant FANFARE MEDIA WORKS from on or about April 2006 until the date of his wrongful termination in December 2008.

7. Plaintiff originally was hired as a Regional Sales Director responsible for the Tyler, Texas market. In July 2006, Plaintiff became responsible for the Oklahoma market, and moved his family to Oklahoma City, Oklahoma.

8. From the date of hire until going to active duty military service, Plaintiff met and/or exceeded all sales and business requirements established by Defendants.

9. On or about May 18, 2007, Plaintiff was notified of the United States Army's intent to mobilize him to active duty in the Middle East. Plaintiff supplied Defendant with copies of his mobilization orders as well as accompanying orders

that indicated he would be under "pre-mobilization status" prior to being sent to Iraq. Though he had short-term military obligations during the "pre-mobilization" timeframe, Plaintiff continued actively to work for Defendants until he was sent to Iraq.

10.     On or about October 19, 2007, Plaintiff was mobilized to active duty in Iraq.

11.     Plaintiff returned from active duty in December 2008 and received orders that he be separated from active duty effective December 16, 2008.

12.     On or about December 4, 2008, Plaintiff supplied Defendants with written notice of his desire and intent to return to work, accompanied by notice that his last day of active duty was December 16, 2008. He specifically requested to return to work on December 17, 2008.

13.     Instead of permitting Plaintiff to return to his position or to a position of similar seniority, status and pay or to return to a more senior position that he otherwise would have progressed to if he had remained working as a civilian, Defendants responded to Plaintiff's request to return to work by letter, asking "[w]hat state do you intend to manage?"

14.     On or about December 22, 2008, Plaintiff responded to Defendants by providing Defendant with a second request to return to work and therein indicated that if Defendants did not acknowledge his right to return to work by December 31, 2008, he would be forced to look elsewhere for employment.

15. Defendants responded to Plaintiff on December 24, 2008, and requested that they be allowed until January 16, 2009 to determine whether they would permit him to return to his civilian employment.

16. Defendants wholly failed to contact Plaintiff on or before January 16, 2009 to make arrangements for Plaintiff to return to work. Defendants have violated Plaintiff's rights by not permitting Plaintiff's reemployment as guaranteed by the Uniformed Services Employment and Re-employment Rights Act USERRA, Title 38 U.S.C. §4301, *et seq.*

17. Plaintiff has been discriminated against by Defendants with respect to compensation, terms, conditions, privileges, and opportunities of employment and has been subject to those illegal acts, practices and conduct prohibited by USERRA.

18. At all times relevant hereto, Plaintiff was a person serving in the military and Defendants have enacted and effected practices of unlawful and systematic exclusion of and discrimination against Plaintiff, *inter alia*, by:

   (a)  Failing to offer Plaintiff reemployment consistent with Defendants' duties under Title 38 U.S.C. §4312;

   (b)  Adopting unreasonable, unwarranted and arbitrary standards and conditions of employment and advancement designed to discriminate against Plaintiff by reason of his military service.

### IV – DAMAGES

19. Plaintiff's employment with Defendants would have earned Plaintiff a salary of in excess of Ninety-thousand Dollars ($90,000.00) including bonuses, plus benefits consisting of medical insurance, dental insurance, life insurance and retirement benefits.

4

20.     Plaintiff has suffered actual damages for lost back wages, insurance benefits, lost future wages, emotional pain and suffering, inconvenience, mental anguish and loss of enjoyment of life as a direct result of Defendants' discriminatory employment practices described above.

21.     Plaintiff claims entitlement to liquidated damages if the Court determines that Defendants' failure to comply with the provisions of USERRA was willful.

22.     Defendants intentionally inflicted emotional distress upon Plaintiff by intentionally not reemploying Plaintiff on the basis of his military status. Plaintiff has suffered embarrassment, disappointment, indignation, despair and public humiliation due to Defendants' refusal to reemploy him.

23.     Plaintiff is entitled to recover his reasonable attorney's fees and costs.

24.     The egregious and intentional actions of Defendants in violating Plaintiff's rights under USERRA warrant the imposition of punitive damages sufficient to punish Defendants for their wrongdoing and to discourage other similarly situated employers from engaging in similar unlawful conduct.

## V -- JURY DEMAND

25.     Plaintiff demands a trial by jury with respect to all issues triable as of right by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendants and in favor of Plaintiff:

   (a)   Requiring Defendants to pay over to Plaintiff the damages suffered by Plaintiff by reason of Defendants' illegal acts and practices, including adjusted back pay and front pay, with interest, and additional amounts as liquidated damages;

(b) Requiring Defendants to pay to Plaintiff damages for mental distress imposed upon Plaintiff through and as a result of the aforementioned discriminatory acts;

(c) Requiring Defendants to pay Plaintiff in the nature of liquidated damages as a result of Defendants' willful discrimination against Plaintiff; and,

(d) Requiring that Defendants pay to Plaintiff his attorney's fees and costs and disbursements incurred in the prosecution of this suit; and such other and further relief to which Plaintiff is entitled.

          Respectfully submitted,

          PIERCE COUCH HENDRICKSON
            BAYSINGER & GREEN, L.L.P.

*/s/ Elizabeth*
_____
Elizabeth R. Sharrock, OBA No. 16934
PIERCE COUCH HENDRICKSON
  BAYSINGER & GREEN, L.L.P.
1109 North Francis
Oklahoma City, Oklahoma 73106
Telephone: 405/235-1611
Facsimile: 405/235-2904
*Attorneys for Plaintiff*